# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | Case Number: 4:20-CR-00100 |
| v. § | Judge Mazzant |
| § | |
| MARTIN DELAINE LEWIS § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Martin Delaine Lewis's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Dkt. #13). The Court, having considered the motion and relevant pleadings, finds that the motion should be **DENIED**.

## BACKGROUND

On December 20, 2018, Defendant Martin Delaine Lewis pleaded guilty to one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1349 and 2326(2)(A) & (B), and one count of mail fraud and aiding and abetting the same, in violation of 18 U.S.C. §§ 1341 and 1342, in the Western District of North Carolina (Dkt. #1-1, Docket Sheet at p. 9). On August 20, 2019, Defendant was sentenced to three years' probation for both counts, to run concurrently (Dkt. #1-1, Docket Sheet at p. 9).

On April 6, 2020, Defendant's case was transferred to the Eastern District of Texas, Sherman Division (Dkt. #1). On April 25, 2022, this Court entered a Revocation Judgment, ordering that Defendant's probation be revoked because Defendant was found to be in possession of cocaine (Dkt. #11). After the Court revoked Defendant's probation, the Court sentenced Defendant to ten months of imprisonment with no supervised release to follow (Dkt. #11). Defendant is currently serving his sentence at the Springfield MCFP Facility. *See*

https://www.bop.gov/inmateloc/ (Register Number: 27053-078). The Bureau of Prisons ("BOP") projects that Defendant will be released on March 5, 2023. *Id.*

On July 3, 2022, Defendant submitted a request for compassionate release to the warden (Dkt. #13 at p. 3). On August 29, 2022, the warden denied Defendant's request because Defendant did not meet the medical criteria (Dkt. #15, Exhibit 1). On October 11, 2022, Defendant filed a motion to reduce sentence (Dkt. #13). Defendant asserts that his incarceration constitutes extraordinary and compelling reasons because of his chronic medical issues. On November 8, 2022 (Dkt. #15). According to the Government, the Court should deny Defendant's motion because he has not shown that his medical issues constitute extraordinary and compelling reasons that support early release and because he has not met his burden to show that a reduction is warranted in light of the relevant § 3553(a) factors.

## LEGAL STANDARD

### I.  18 U.S.C. § 3582(C)(1)(A)

A judgment of conviction imposing a sentence of imprisonment "'constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)); *see also* 18 U.S.C. § 3582(c). One such circumstance arises from 18 U.S.C. § 3582(c)(1)(A)(i), commonly referred to as compassionate release.

Section 3582(c) was enacted as part of the Sentencing Reform Act of 1984. Under the first iteration of the relevant provision, district courts were authorized to grant sentence reductions on the motion of the Director of the Bureau of Prisons ("BOP") if the BOP could establish the following conditions: (1) extraordinary and compelling reasons warranted a sentence reduction; (2) a reduction would be consistent with the applicable policy statements of the Sentencing

Commission; and (3) a sentence reduction was warranted after consideration of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Notably, Congress did not define "extraordinary and compelling reasons" or otherwise indicate how that phrase should be interpreted other than to specify that rehabilitation alone did not qualify. *Id.* (quoting 28 U.S.C. § 994(t)). Instead, Congress delegated that authority to the Sentencing Commission, directing it to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

The Sentencing Commission eventually followed Congress's direction to define "extraordinary and compelling reasons" and promulgated United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. In application note 1 to § 1B1.13, the Sentencing Commission described what circumstances constitute "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A)(i). U.S.S.G. § 1B1.13 cmt. n.1. The Sentencing Commission essentially created four categories of "extraordinary and compelling reasons," which can broadly be characterized as: (1) circumstances arising from certain medical conditions; (2) circumstances arising from the age of the defendant;[1] (3) issues arising from the defendant's family circumstances;[2] and (4) other reasons that the BOP agrees are extraordinary and compelling in a specific case. *Id.* And because § 3582(c)(1)(A) requires that any sentence reduction be consistent with the Sentencing Commission's policy statements issued pursuant to § 994(t), the policy statements contained in

---

[1] Specifically, a defendant, who is at least 65 years old, who "is experiencing a serious deterioration in physical or mental health because of the aging process" and also "has served at least 10 years or 75 percent of his or her term of imprisonment" may meet the requirement that "extraordinary and compelling reasons" exist. U.S.S.G. § 1B1.13, n.1(B).

[2] Such family circumstances exist where: (1) a defendant has minor children whose caregiver dies or becomes incapacitated; or (2) "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, n.1(C).

3

§ 1B1.13 were binding on district courts considering § 3582(c)(1)(A)(i) motions. *See United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011) (holding that the Sentencing Commission's policy statements issued pursuant to 28 U.S.C. § 994 are binding on district courts when considering motions brought under 18 U.S.C. § 3582(c)).

In 2018, Congress amended § 3582(c)(1)(A) with the passage of the First Step Act. The amendment provided that, in cases where the BOP does not file a compassionate-release motion on the prisoner's behalf, the prisoner may personally file a motion for compassionate release. *Shkambi*, 993 F.3d at 391–92. This was the First Step Act's only change to the compassionate-release framework. *Id.* at 391. Thus, while prisoners, in addition to the BOP, may now file motions for compassionate release, § 3582(c)(1)(A)(i)'s substantive requirements that govern a prisoner's entitlement to release remain the same. *See id.* at 392 ("But the [First Step Act] left undisturbed the other three § 3582 requirements.").

Following the First Step Act's expansion of who may file a motion under § 3582(c)(1)(A), courts were confronted with the question of whether the Sentencing Commission's definition of "extraordinary and compelling reasons," which was promulgated prior to the First Step Act when such motions could only be filed by the BOP, remained binding on district courts when considering compassionate-release motions. The Fifth Circuit addressed this question in *Shkambi*, holding that, while U.S.S.G. § 1B1.13 is a policy statement applicable to § 3582(c)(1)(A) motions filed by the BOP, it is inapplicable to § 3582(c)(1)(A) motions filed by prisoners. 993 F.3d at 392.[3] Accordingly, while U.S.S.G. § 1B1.13 dictates the meaning of "extraordinary and compelling

---

[3] Several other circuits have similarly concluded that U.S.S.G. § 1B1.13 is inapplicable to such compassionate-release motions filed by prisoners. *See, e.g., United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020). *But see United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (holding that U.S.S.G. § 1B1.13 is an applicable, binding policy statement for all § 3582(c)(1)(A) motions).

reasons" when a § 3582(c)(1)(A) motion is filed by the BOP on a prisoner's behalf, it does not do so when, as here, a § 3582(c)(1)(A) motion is filed by a prisoner himself. *See id.* ("[T]he policy statement continues to govern where it says it governs—on the motion of the Director of the [BOP]. But it does not govern here—on the newly authorized motion of a prisoner." (internal quotations omitted)). Therefore, when a prisoner files a compassionate-release motion, courts must determine what constitutes an "extraordinary and compelling reason" under § 3582(c)(1)(A)(i).

## II. Extraordinary and Compelling Reasons

Though the Court is not bound by the Sentencing Commission's policy statement in U.S.S.G § 1B1.13 and its accompanying application notes when considering compassionate-release motions filed by prisoners, the policy statement is not wholly irrelevant. Courts should still look to the policy statement for guidance in determining what constitutes "extraordinary and compelling reasons" for a sentence reduction when a prisoner files a compassionate-release motion. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to the [U.S.S.G.] § 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *see also, e.g., United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused."). Using the policy statement as guidance when considering prisoner-filed compassionate-release motions is warranted for several reasons.

First, whether a compassionate-release motion is filed by the BOP or a defendant, the

statutory standard governing the motion is the same. Section 3582(c)(1)(A) provides that its requirements for obtaining a sentence reduction apply "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. § 3582(c)(1)(A). And as noted above, the First Step Act did not change § 3582(c)(1)(A)'s substantive requirements. Thus, a policy statement defining "extraordinary and compelling reasons" in the context of BOP-filed motions necessarily informs what "extraordinary and compelling" means in the context of defendant-filed motions because the same standard governs both motions. In other words, § 3582(c)(1)(A)(i)'s "extraordinary and compelling reasons" phrase does not implicate shifting substantive meanings depending on who invokes the statute.

Congress's application of a single standard to govern § 3582(c)(1)(A) motions—whether filed by the BOP or by defendants—is also evident in § 3582(c)(1)(A)'s exhaustion requirement. Before a prisoner can file a compassionate-release motion, he must first present his case to the BOP and request that the BOP file the motion on his behalf. *See* 18 U.S.C. § 3582(c)(1)(A). Fulfilling this exhaustion requirement would be a nonsensical exercise if the standard governing the defendant's entitlement to release varied significantly depending on whether the BOP grants the defendant's request. Defendants would request compassionate release based on the interpretation of "extraordinary and compelling reasons" applicable to their motions while the BOP would evaluate such requests based on the interpretation applicable to its motions. The fact that defendants must first ask the BOP to file their compassionate-release motions before doing it themselves indicates that Congress intended no significant substantive distinction between BOP-filed and defendant-filed motions under § 3582(c)(1)(A).

Indeed, § 1B1.13 does not become useless as guidance for defendant-filed compassionate-release motions simply because its terms state that it applies to motions brought by the Director of

the BOP. Rather, § 1B1.13 and its accompanying application notes "provide a working definition of 'extraordinary and compelling reasons'" because the standard applies equally to BOP motions and prisoner motions. *Gunn*, 980 F.3d at 1180. When the Sentencing Commission promulgated § 1B1.13, its intent was not to specify a unique standard for BOP motions but rather to define "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A).

Further, 28 U.S.C. § 994(t) does not direct the Sentencing Commission to adopt standards governing prisoner motions and standards governing BOP motions. Rather, § 994(t) directs the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). And as the Sentencing Commission itself has explained, U.S.S.G. § 1B1.13 and its application notes constitute the Commission's implementation of § 994(t)'s directive. *See* U.S.S.G. § 1B1.13 cmt. background ("This policy statement implements 28 U.S.C. § 994(a)(2) and (t)."). Because § 3582(c)(1)(A) governs BOP motions and prisoner motions alike, the Sentencing Commission's definition of § 3582(c)(1)(A)'s terms is instructive when considering a prisoner's motion brought under § 3582(c)(1)(A)(i).

For these reasons, the Court concludes that the "extraordinary and compelling reasons" applicable to defendant-filed motions are generally those that are similar in kind and scope to those listed in U.S.S.G. § 1B1.13's application notes. To be clear, the "extraordinary and compelling reasons" contained in the Sentencing Commission's policy statement are neither exhaustive nor binding on the Court. *Shkambi*, 993 F.3d at 392. But, in any event, the Court's analysis of whether Defendant has presented "extraordinary and compelling reasons" warranting the sentence reduction he seeks will be significantly guided—though not strictly bound—by the Sentencing Commission's description in U.S.S.G. § 1B1.13 and the accompanying application notes.

### III. 18 U.S.C. § 3553(a) Factors

Even if extraordinary and compelling reasons exist, they must outweigh the 18 U.S.C. § 3553(a) factors to warrant sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). These factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . .

(5) any pertinent [Sentencing Commission] policy statement . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

*Id.* § 3553(a).

## ANALYSIS

Defendant moves for compassionate release because he contends that his health concerns related to his end stage renal failure constitute extraordinary and compelling reasons (Dkt. #13).[4]

---

[4] In additional information Defendant provided to the Court in support of Defendant's motion, Defendant contends that asbestos and black mold are present in the facility where he is housed (Dkt. #13-3 at p. 1). However, there is no authority that the Court can find which supports the proposition that mold or asbestos in a facility constitutes extraordinary and compelling reasons for the Defendants' early release. In the additional information Defendant

8

The Government, on the other hand, argues that Defendant's health conditions do not constitute "extraordinary and compelling" reasons for early release and asks this Court to deny Defendant's motion (Dkt. #15).

Although Defendant has met § 3582(c)(1)(A)'s exhaustion requirement, he has not met the statute's requirement that "extraordinary and compelling reasons" exist warranting a reduction of his sentence. Defendant's motion, therefore, must be denied.

## I. Defendant Has Met § 3582(c)(1)(A)'s Exhaustion Requirement.

The Court may only consider Defendant's motion for compassionate release if he first meets § 3582(c)(1)(A)'s exhaustion requirement. Courts may not consider a modification to a defendant's sentence under § 3582(c)(1)(A)(i) unless a motion for such a modification is properly made by the Director of the BOP or by a defendant who has fully exhausted their administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Fully exhausting administrative remedies requires a denial by the warden of a defendant's facility or waiting thirty days without receiving a response to a request, whichever is earlier.[5] *Id.*

Section 3582(c)(1)(A)'s exhaustion requirement is not waivable. *See United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) ("Because the statutory language is mandatory—that a prisoner must exhaust their BOP remedy before filing in district court—we must enforce this procedural rule . . ."); *United States v. Reeves*, No. 18-00294, 2020 WL 1816496, at *2 (W.D. La.

---

provided to the Court, Defendant also notes certain COVID-19 related deaths that occurred during the height of the pandemic (Dkt. #13-3, Exhibit II at pp. 4, 5). But the mere existence of COVID-19 in society cannot independently justify a sentence reduction. *See United States v. Miller*, No. 2:17-CR-015-D, 2020 WL 2514887, *2 (N.D. Tex. May 15, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)); *see also United States v. Vasquez*, No. CR 2:18-1282-S-1, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020) ("General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence.").

[5] BOP regulations define "warden" to include "the chief executive officer of . . . any federal penal or correctional institution or facility." 28 C.F.R. § 500.1(a); *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020); *c.f. United States v. Campagna*, 16 Cr. 78-01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020) (holding that "the denial of Defendant's request by the Residential Re-entry Manager suffices to exhaust his administrative rights").

Apr. 9, 2020) ("While the Court is well aware of the effects the Covid-19 pandemic . . . § 3582(c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies or to waive the 30-day waiting period."). If a defendant has not sought relief from the BOP, or has not waited thirty days since seeking relief, the Court may not consider their motion.

On July 3, 2022, Defendant submitted a request for compassionate release to the warden (Dkt. #13 at p. 3). On August 29, 2022, the warden denied Defendant's request (Dkt. #15, Exhibit 1). Thus, Defendant has met § 3582(c)(1)(A)'s exhaustion requirement. However, Defendant's motion nevertheless fails because he has not established "extraordinary and compelling" reasons for early release.

### II. Defendant Has Not Met § 3582(c)(1)(A)'s Requirement that "Extraordinary and Compelling Reasons" Warrant a Sentence Reduction.

Defendant's compassionate release motion turns on his assertion that extraordinary and compelling reasons exist because Defendant is suffering from end stage renal failure, from which he will not recover, and which requires him to attend dialysis three times a week. According to Defendant, he is also suffering from anemia, vitamin D deficiency, sleep apnea, hypertension, allegoric rhinitis, gastro-esophageal reflux disease, nephropathy, anuria, oliguria, rib pain, and enterocolitis due to clostridium difficile. Defendant argues that his medical conditions substantially diminish his ability to provide self-care within the correctional facility. Defendant's assertion fails because his conditions are not severe enough to constitute "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i).

Defendant's medical conditions do not fall within the first category of "extraordinary and compelling reasons" identified within the Sentencing Commission's guidelines. Section 1B1.13's application note 1 provides the following two circumstances under which a defendant's medical

condition may warrant a sentence reduction:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
> 　　(I) suffering from a serious physical or medical condition,
> 　　(II) suffering from a serious functional or cognitive impairment, or
> 　　(III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G § 1B1.13 cmt. n.1(A).

Defendant is not subject to a terminal illness, and the medical conditions he currently suffers from are insufficient to constitute "extraordinary and compelling reasons." *See Thompson*, 984 F.3d at 434 (affirming lower court's decision that hypertension and diabetes are insufficient to constitute "extraordinary and compelling reasons" alone unless combined with other extenuating circumstances.); *see also United States v. McFadden*, No. 4:17-CR-55, 2020 WL 6531937 (E.D. Tex. June 25, 2020), *aff'd*, No. 20-40801, 2022 WL 715489 (5th Cir. Mar. 9, 2022) and *aff'd*, No. 20-40801, 2022 WL 715489 (5th Cir. Mar. 9, 2022) (finding that although inmate suffered from prostate cancer which required surgical intervention; diabetes; high blood pressure; end-stage renal failure; and COVID-19 concerns, his medical conditions did not justify compassionate release); *United States v. Raymer*, No. 4:17-CR-153, 2020 WL 3451855, at *3–4 (E.D. Tex. June 23, 2020) (concluding that a borderline-obese 43-year-old man, suffering from fatty liver disease, bronchitis, and asthma, and who had contracted COVID, did not qualify for early release). Furthermore, the medical conditions that Defendant complains of are not new. Defendant has been suffering from kidney failure for a number of years before he was imprisoned,

11

and Defendant's medical records do not indicate that his condition has worsened.

Moreover, nothing in Defendant's medical records show that Defendant is unable to provide selfcare. Defendant's medical records do not state nor indicate that he is disabled or capable of only limited self-care. True, Defendant does require a wheelchair to get around at times. However, the use of a wheelchair does not mean Defendant is incapable of self-care. *See United States v. McLean*, No. 4:93-CR-22, 2022 WL 17253637 (5th Cir. Nov. 28, 2022) (determining that a defendant was able to provide self-care, despite the defendant's need for a wheelchair and crutches). Not to mention, Defendant lives in an ambulatory unit—Springfield MCFP Facility— and has medical assistance on a daily basis beyond that of a typical correctional facility. Defendant's age of fifty-six also does not support compassionate release.

The Court does not downplay Defendant's health issues or suggest that his concerns are unreasonable. However, weighing the evidence, Defendant fails to prove that his incarceration is "extraordinary and compelling" under § 3582(c)(1)(A)(i) framework. *See United States v. Stowe*, No. CR H-11-803(2), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) (citation omitted) (stating that the defendant generally "has the burden to show circumstance meeting the test for compassionate release").[6]

\*   \*   \*

Under the rule of finality, federal courts may not "modify a term of imprisonment once it has been imposed" unless one of a few "narrow exceptions" applies. *Freeman v. United States*, 564 U.S. 522, 526 (2011) (citing 18 U.S.C. § 3582(c)) (plurality op.); *see also Dillon*, 560 U.S. at 819 (same). Compassionate release is one of those exceptions, but a defendant must conform both

---

[6] Given Defendant's failure to meet § 3582(c)(1)(A)'s requirements, the Court need not address whether the applicable 18 U.S.C. § 3553(a) factors support a sentence reduction.

to the procedural and substantive requirements of § 3582(c)(1)(A) for a court to modify a sentence. Because Defendant has failed to meet the controlling requirements for compassionate release set forth in § 3582(c)(1)(A)(i), his motion must be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant Martin Delaine Lewis's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Dkt. #13) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 18th day of January, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE